■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELTEJO, Appellant.—Judgment of Supreme Court, New York County (Morris Goldman, J.), rendered January 7, 1982, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree and sentencing him to concurrent indeterminate prison terms of 25 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

On September 13, 1980, defendant Deltejo and Fermin Urena, in pursuit of money to buy drugs, accosted 22-year-old Eric Kaminsky on a subway platform. In the course of the robbery, Kaminsky was thrown to the subway tracks. He died shortly thereafter.

Urena entered into a cooperation agreement with the People whereby he agreed to testify truthfully and completely about the robbery in exchange for a reduced sentence. Defendant's argument that the plea agreement compelled Urena to conform his testimony to prior information he provided so that he would be assured of receiving the benefits of such agreement is unpreserved for appellate review. Even if we were to review it, we would find it to be meritless. The jury was apprised of the full agreement, defendant had a full opportunity to cross-examine Urena and the jury was instructed to carefully weigh the accomplice's testimony because of the benefit he could gain. (See, United States v Insana, 423 F2d 1165, 1168-1169, cert denied 400 US 841.) Any favorable treatment that an accomplice receives is simply relevant to the witness's credibility. (See, People v Moses, 63 NY2d 299.) We find no abuse of discretion by permitting the victim's father to briefly testify to aspects of the victim's family, background and career. In light of the facts of the instant case, we do not find the sentence imposed to be excessive. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.